IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **VANIKWA R. COOPER,** | * |
| Plaintiff, | * |
| v. | * Civil No. SAG-23-1666 |
| **RICHARD E. SOLOMON,** *et al.,* | * |
| Defendants. | * |

## MEMORANDUM OPINION

Plaintiff Vanikwa R. Cooper, who is self-represented, filed this lawsuit against persons and entities associated with the foreclosure of her home. ECF 1. After reviewing Plaintiff's Complaint, this Court entered an order dismissing Plaintiff's claims against Judge Stenise L. Rolle of the Circuit Court of Prince George's County, Maryland, who enjoys judicial immunity from suit, and against the State of Maryland, because Plaintiff's claims in federal court are barred by the Eleventh Amendment. ECF 3. Plaintiff has filed a "Demand to Strike Judge Stephanie A. Gallagher's Order," ECF 5, which will be construed as a motion to reconsider pursuant to Rule 54(b) and denied for the reasons addressed in ECF 3.

The remaining Defendants, Cohn, Goldberg & Deutsch, LLC and Richard E. Solomon, Esq., have filed a motion to dismiss for failure to state a claim. ECF 6. The Clerk's office sent Plaintiff a letter advising Plaintiff that she had twenty-eight (28) days from the date of the letter to respond to Defendants' motion. ECF 7. Plaintiff responded after that time. ECF 8. Nevertheless, the Court has reviewed her response. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated herein, the motion will be GRANTED as to Plaintiff's federal claims and this Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

I. FACTUAL BACKGROUND

The following facts are largely derived from Plaintiff's Complaint and the exhibits attached thereto. ECF 1. Plaintiff received a notice of foreclosure, dated January 9, 2023, for the property located at 3819 Saint Barnabas Road #103, Suitland, Maryland. ECF 1-1. The notice was signed by Defendant Richard E. Solomon ("Solomon") and Defendant Cohn, Goldberg & Deutsch, LLC ("CGD"), where Solomon works. *Id.* Plaintiff alleges that Solomon and CGD lacked standing and legal authority to sign a notice of default letter. ECF 1. Plaintiff further alleges that Solomon and CGD were acting as unlicensed debt collectors and violated the Truth in Lending Act ("TILA"). *Id.*

This Court takes judicial notice of the proceedings and filings in *Solomon v. Cooper*, C-16-CV-20-000147 in the Circuit Court for Prince George's County, Maryland. *See, e.g., Goldstein v. FDIC*, Civ. No. ELH-11-1604, 2014 WL 69882, at *9 (D. Md. Jan. 8, 2014); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The docket reflects, in relevant part, that the Circuit Court for Prince George's County, Maryland ratified the foreclosure sale on June 8, 2023. ECF 6-8. The docket also contains a December 21, 2022 "Notice of Appointment of Substitute Trustees," identifying, among others, Richard E. Solomon as a substitute trustee in connection with the foreclosure. ECF 6-3.

II.   LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015).

Because Plaintiff is self-represented, Plaintiff's pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir.

2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III.  ANALYSIS

Plaintiff's Complaint consists of eight claims, three of which appear to be federal. Count One alleges a violation of the Fair Debt Collection Procedures Act ("FDCPA"); Count Two alleges a violation of the TILA, Regulation Z, 12 C.F.R. § 226.23; and Count Four generally alleges "violation of federal trust and lien laws." ECF 1 ¶¶ 21.(5), 21.(6), 21.(8). Count Four is not specific enough about the laws allegedly violated to state a plausible claim for relief. It therefore must be dismissed.

With respect to the FDCPA, Plaintiff alleges that "[t]he defendant violated provisions defined in 15 U.S.C. Sec. 1692 false representation in the course of collecting a debt." *Id.* ¶ 10.(4). While the Complaint is not abundantly clear, it appears that the violation she alleges is that Solomon and CDG are not licensed debt collectors.[1] Even assuming that Solomon and CDG were acting as debt collectors in this situation, their failure to procure or maintain a license would not constitute a false representation. *See Valle v. Westhill Exch., LLC*, No. GJH-19-2304, 2021 WL 1117282, at *10 (D. Md. Mar. 24, 2021) (explaining the distinction between a defendant's status as a licensed debt collector and whether the defendant actually misrepresented that status). Because Plaintiff has not specifically identified any false representation made by Defendants, the FDCPA claim must be dismissed.

---

[1] In her response to Defendants' motion, Plaintiff claims that Defendants separately violated the FDCPA "by not providing evidence that an actual debt was owed." ECF 8 at 3. The Court cannot consider this new allegation because its analysis on a motion to dismiss is limited to the four corners of the Complaint, *McPherson v. Balt. Police Dep't*, 494 F. Supp. 3d 269, 278–79 (D. Md. 2020), and Plaintiff cannot amend her Complaint through briefing. *Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).

As to the TILA, Plaintiff appears to allege that Solomon is not licensed to practice law. ECF 1 ¶ 3.(2). Plaintiff also contends that the original lender did not provide her proper disclosures. *Id.* ¶ 3.(1). Plaintiff does not allege that Solomon or CDG had any involvement in the original loan transaction and does not identify any particular provision of the TILA that either Solomon or CDG violated. Plaintiff's only citation, 12 C.F.R. § 226.23, identifies the "Right of Recission" provision of the TILA and does not explain how Solomon's or CDG's actions violated the truth in lending law. Thus, the TILA claim must also be dismissed.[2]

The remainder of Plaintiff's claims arise under state law. Under 28 U.S.C. § 1367(c), a district court "may decline to exercise supplemental jurisdiction" over state claims if, *inter alia*, the "court has dismissed all claims over which it has original jurisdiction," or, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." § 1367(c). The Supreme Court has explained that district judges should "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Id.* (footnote omitted); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be

---

[2] Although it is not one of the identified counts, Plaintiff's Complaint also alleges that "The attorney is in violation of the Foreign Agent Registration Act Of 1938 a Federal Law." ECF 1 ¶ 8.(1). The complaint is devoid of any allegations establishing how any Defendant was representing foreign interests. Even if such allegations were present, the Foreign Agent Registration Act ("FARA") provides no private right of action. *See Gong v. Sarnoff,* No. 23-cv-343, 2023 WL 5372473 at *11 (S.D.N.Y. Aug. 22, 2023) ("But every court to have considered the issue, in this Circuit and elsewhere, has held that no private right of action can be implied in FARA.").

avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

After considering the *Carnegie-Mellon* factors, this Court will decline to exercise supplemental jurisdiction over Plaintiff's pendent state law claims. Concerns of comity are particularly acute here, given Plaintiff's efforts to challenge the outcome of the foreclosure proceeding. Plaintiff is therefore free to pursue the state law claims in state court.

### IV.     CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss, ECF 6, is granted as to all of the federal claims asserted. This Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. This case will be closed. A separate Order follows.

Dated: September 29, 2023                                          /s/
                                                                   Stephanie A. Gallagher
                                                                   United States District Judge